UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

TROY COLLINS                                          CIVIL ACTION

V.                                                    NO. 18-633

CHET MORRISON CONTRACTORS, LLC                        SECTION "F"

ORDER AND REASONS

Before the Court is the defendant's motion for involuntary dismissal for failure to prosecute. In its Order dated October 18, 2018, this Court reset the hearing date on this motion, and ordered any opposition papers to be filed not later than October 22, 2018, at 10:00 a.m. No memoranda in opposition to the defendant's motion have been filed. For the following reasons, the motion is GRANTED as unopposed, and the case is DISMISSED with prejudice.

**Background**

On January 22, 2018, Troy Collins sued Chet Morrison Contractors, LLC, alleging he had sustained injuries while working aboard the defendant's barge. The defendant filed an answer on February 14, 2018, denying the plaintiff's allegations. About two months later, on April 23, 2018, the plaintiff's counsel of record, Eric Jonathan Rhine and Robert Joshua Koch, Jr., moved to withdraw; this Court granted the motion two days later, after which the

1

plaintiff has proceeded *pro se*.[1]  During the months of May and June, the defendant unsuccessfully attempted to contact the plaintiff on several occasions, using the address and telephone number listed on this Court's docket sheet and provided by his former counsel.  As a result, on June 21, 2018, the defendant filed a motion to set a status conference to discuss the plaintiff's unresponsiveness.  On June 25, 2018, this Court denied the motion without prejudice to filing a motion to dismiss for failure to prosecute when appropriate.  The defendant now moves to involuntarily dismiss the plaintiff's claims for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

I.

Federal Rule of Civil Procedure 41(b) stipulates that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."  Rule 41(b) further provides that "[u]nless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."  The Fifth Circuit has reasoned that "only an 'unreasonable delay' will

---

[1] Plaintiff's counsel certified in its consent motion to withdraw that the plaintiff was provided with a letter via delivery service and U.S. mail advising of counsel's withdrawal of representation and notifying him of all deadlines and pending court appearances.

2

support a dismissal for lack of prosecution." <u>Ramsay v. Bailey</u>, 531 F.2d 706, 708 (5th Cir. 1976).

II.

The defendant urges that dismissal is appropriate, in light of this Court's Scheduling Order, which sets a final pretrial conference for October 26, 2018 and a jury trial for November 13, 2018. The defendant also relates that it was recently able to contact the plaintiff and inform him that the plaintiff would be responsible for preparing the pre-trial order. Thereafter, on October 3, 2018, the defendant submits, it transmitted to the plaintiff's last known address by U.S. mail and certified mail its own pre-trial inserts to be incorporated by the plaintiff into the pre-trial order. However, the defendant states that it did not hear from the plaintiff or receive a submission from him concerning the pre-trial order.

The defendant further contends that, since the plaintiff's counsel withdrew in April of 2018, the plaintiff has taken no steps in the prosecution of this case. He has propounded no discovery, noticed no depositions, failed to respond to the defendant's discovery, and filed no witness or exhibit list. Therefore, the defendant contends the plaintiff's inaction presents grounds for dismissal under Rule 41(b) of the Federal Rules of Civil Procedure.

III.

The Fifth Circuit has reasoned that "only an 'unreasonable delay' will support a dismissal for lack of prosecution." Ramsay, 531 F.2d at 708. Although only six months have elapsed since the plaintiff's counsel of record withdrew, the plaintiff has taken no steps in the prosecution of this case since then, and he has failed to submit an opposition to this motion.[2] Moreover, he has failed to comply with this Court's Scheduling Order dated March 1, 2018, which directs the plaintiff to prepare, and the parties to jointly submit, a pre-trial order by 4:30 p.m. on Wednesday, October 24, 2018. The plaintiff's inexcusable inaction and failure to comply with this Court's orders indicates that he has abandoned this lawsuit and informs that dismissal under Rule 41(b) of the Federal Rules of Civil Procedure is appropriate.

Accordingly, because the defendant's motion is deemed to be unopposed and it appears to the Court that the motion has merit, IT IS ORDERED: that the defendant's motion for involuntary dismissal for failure to prosecute is GRANTED as unopposed. The case is hereby DISMISSED with prejudice.

New Orleans, Louisiana, October 25, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] The record reflects that notice of each electronic filing in this case was delivered to Troy Collins' address that is listed on the docket sheet – "610 St. Louis Raceland, LA 70394."

4